## FISHER BROS CO v DELUCA

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11532. Decided June 15, 1931

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Fisher Bros. Co.
Klein & Diehm, Cleveland, for DeLuca.

MAUCK, PJ, MIDDLETON, J, (4th Dist), FARR, J, (7th Dist), sitting.

MAUCK, PJ.

It is here claimed that the defendant was entitled to a directed verdict upon the principle laid down in **Sobolovitz v Lubric Oil Co, 107 Oh St, 204,** and **Lashure v East Ohio Gas Co, 119 Oh. St 9,** to the effect that a fact necessary to sustain a judgment can not be inferred from another inference. The fact is that the plaintiff slipped and fell to his injury from stepping on a rotten banana. The question in dispute is whether the banana on which plaintiff slipped was on the sidewalk through the defendant's fault. The evidence favorable to the plaintiff tended to show that on other occasions the servants of the defendant placed boxes on the street containing refuse. This, of course, did not make a case. The one witness who most nearly linked the defendant with the offending banana was Tony Pasquale. This witness says that on November 4th, the day before the accident, he saw boxes sitting beside the defendant's side door. He continues:

"And on the right hand side there were three or four empty boxes with some stuff in. I passed there close enough to see some cabbage leaves or cabbage and stuff like that, on the walk."

The witness says that he did not see this stuff placed there by the defendant's servants nor did any one else so testify.

The proximity of the refuse to the door of the defendant taken in connection with the fact that the defendant conducted a grocery, would have justified the jury in finding that the defendant was responsible for its presence. This finding would rest not upon any direct evidence to that effect but is the first inference that can be drawn and under the authorities mentioned is the only one. The plaintiff to make his case had to go further and much further. He had to show that the particular banana on which he fell was one of the bananas which, inferentially, had been placed on the sidewalk by the defendant. This second inference can not be drawn from the earlier inference. There accordingly was no evidence that the defendant was responsible for the bananas on which the plaintiff slipped. The defendant was entitled to a directed verdict.

The judgment is reversed and final judgment entered for the plaintiff in error.

MIDDLETON and FARR, JJ, concur.